**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DENIS MITTAKARIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 11-0017(EGS) |
| v. ) | |
| ) | |
| INFOTRAN SYSTEMS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPNION**

Pending before the Court is plaintiff Denis Mittakarin's motion to voluntarily dismiss all claims against defendants InfoTran Systems, Inc. and Tien H. Tran, pursuant to Federal Rule of Civil Procedure 41(a)(2). In response, defendants state that they do not oppose dismissal; however, defendants urge the Court to condition any dismissal upon the reimbursement of their attorneys' fees and costs. Upon consideration of the motion, the response, the reply and surreply[1] thereto, the applicable law, and the entire record, and for the reasons stated below, the Court hereby **GRANTS** plaintiff's motion and declines to

---

[1] The Court notes that defendants filed a surreply without leave of Court. *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002) ("A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond."). The Court has, however, reviewed defendants' improperly filed surreply brief and found it no more persuasive than defendants' opposition brief, for the reasons set forth in more detail below.

condition dismissal upon an award of attorneys' fees and costs to defendants.

## I. BACKGROUND

Plaintiff Mittakarin is an information technology ("IT") service provider who specializes in performing IT work for the United States Citizenship and Immigration Services ("USCIS"). Compl. ¶ 8. Defendant InfoTran had a subcontracting relationship with an entity or entities who contracted to perform IT work on behalf of USCIS. *See id.* ¶ 13. On April 20, 2009, plaintiff entered into an Independent Contractor Agreement ("Agreement") with InfoTran. *Id.* ¶ 20. The Agreement contained a non-compete provision, which barred plaintiff from (a) soliciting or accepting any employment with, or (b) performing any services similar to those performed by plaintiff for InfoTran for its customers or competitors. *See id.* ¶ 22.

Plaintiff alleges that, as of November 16, 2010, one of the contracting entities, Computer Sciences Corporation ("CSC"), terminated InfoTran from its subcontracting relationship to perform work on behalf of USCIS. *Id.* ¶ 26. Between November 9, 2010 and the filing of his complaint in this action on January 4, 2011, plaintiff sent defendant Tran numerous emails requesting that InfoTran release plaintiff from the non-compete provision of the Agreement, but Tran refused. *See id.* ¶¶ 29-30.

Because CSC terminated InfoTran's contract, plaintiff has not been able to perform work on the USCIS project since November 16, 2010. *Id.* ¶ 33.

Plaintiff commenced this action on January 4, 2011, seeking a declaratory judgment that the non-compete provision is invalid (Count I), and alleging intentional interference with a business expectancy (Count II), fraudulent misrepresentation (Count III), and negligent misrepresentation (Count IV). The next day, plaintiff filed a motion for partial summary judgment on Count I, arguing that because CSC had terminated defendant, the non-compete provision was not necessary to protect InfoTran's business or goodwill and was therefore invalid as a matter of law. *See generally* Pl.'s Mot. for Partial Summ. J., Docket No. 4. Defendants filed a counterclaim on January 19, 2011, seeking a declaratory judgment that the non-compete provision is, in fact, valid and enforceable. Plaintiff then filed a motion for summary judgment on defendants' counterclaim on February 18, 2011. By minute order dated August 25, 2011, the Court denied both of plaintiff's motions for summary judgment. *See* Minute Order (Aug. 25, 2011). On September 30, 2011, plaintiff filed a motion to voluntarily dismiss all claims against defendants pursuant to Rule 41(a)(2), arguing that because the non-compete provision will expire before the end of the discovery period,

the dispute over the validity of the non-compete provision will be rendered moot. That motion is now ripe for determination by the Court.

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 41(a)(2) provides:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). A court applying Rule 41(a)(2) must consider (1) whether the plaintiff seeks the motion for voluntary dismissal in good faith, and (2) whether the dismissal would cause the defendant "legal prejudice." *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000). In determining whether a defendant would suffer legal prejudice by a voluntary dismissal, the Court must consider four factors:

> (1) the defendants' effort and expense in preparation for trial; (2) excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of the plaintiffs' explanation for voluntary dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made.

*Fed. Hous. Fin. Agency v. Raines (In re Fannie Mae Secs., Derivative Litig.)*, 725 F. Supp. 2d 169, 176 (D.D.C. 2010).

Courts generally grant dismissals under Rule 41(a)(2) "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986).

One of the "terms" upon which the Court may condition dismissal is the payment of the defendant's attorneys' fees and costs. *See Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1340 (D.C. Cir. 1988). The purpose of the provision authorizing the Court to dismiss a case "on terms that the court considers proper" is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's premature dismissal. *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369 (D.C. Cir. 1981). Attorneys' fees may be awarded where "costs were undertaken unnecessarily." *Id.* at 367.

**III. ANALYSIS**

Defendants argue that plaintiff's motions for summary judgment were premature, and that the legal work defense counsel performed in defending against the premature motions will be rendered useless by dismissal of this action. *See* Defs.' Response to Pl.'s Mot. to Voluntarily Dismiss Claims, Docket No. 22, at 3-4. Defendants therefore ask the Court to award them attorneys' fees and costs related to the filing of their oppositions to plaintiff's motions for summary judgment.

Plaintiff argues that this case falls outside the mainstream of cases in which attorneys' fees and costs were awarded upon voluntary dismissal, that plaintiff's motion to dismiss is timely, and that defendants will not suffer legal prejudice by dismissal of this action.  *See* Pl.'s Reply in Supp. of Mot. to Voluntarily Dismiss Claims, Docket No. 24, at 3-5.

As discussed in more detail below, the Court concludes that voluntary dismissal here is appropriate, and the Court declines to condition that dismissal on an award of attorneys' fees.

### A. Dismissal Under Rule 41(a)(2)

Neither party disputes that plaintiff seeks voluntary dismissal in good faith.  In addition, considering the four factors set forth above, the Court concludes that voluntary dismissal under Rule 41(a)(2) is proper.  As to the first and fourth factors, this case is in the early stages of litigation. No discovery has been completed, and defendants have not likely made any effort or expense in preparing for trial.  Therefore, the Court finds that the resources defendants have expended thus far do not amount to legal prejudice.  As to the second factor, the Court finds that there has been no delay or lack of diligence on the part of plaintiff in prosecuting this action. Finally, plaintiff has provided an adequate explanation for dismissal: the issue at the heart of this action is, or will

shortly become, moot.  Defendants do not challenge that rationale.  The Court therefore concludes that voluntary dismissal is appropriate under Rule 41(a)(2).

**B. Attorneys' Fees and Costs Under Rule 41(a)(2)**

The Court next determines whether attorneys' fees and costs should be imposed as a condition of dismissal under Rule 41(a)(2).  As noted above, attorneys' fees and costs are commonly awarded where costs are undertaken "unnecessarily."  *GAF*, 665 F.2d at 367.  The purpose of such an award is to protect defendants from undue prejudice or inconvenience caused by voluntary dismissal.  *See id.* at 367, 369.

Like in *SBM Wageneder Gesellschaft, M.B.H. v. American Arbitration Association*, the Court finds that the instant case is fundamentally different from cases in which courts have awarded attorneys' fees as a condition of dismissal.  *See* 113 F.R.D. 659, 662 (D.D.C. 1987) (citing *Conafay*, 793 F.2d at 351; *McLaughlin v. Cheshire*, 676 F.2d 855 (1982); *GAF*, 665 F.2d at 366).  As the court stated in *SBM Wageneder Gesellschaft*, in cases in which fees were awarded, "the scenario [was] the same: the plaintiff, having filed in federal court, discovered that federal jurisdiction could not be maintained and consequently sought a voluntary dismissal in order to pursue its claims in another forum."  113 F.R.D. at 662.  In those cases, "the root

7

of the court's decision to award compensation was that defendant's expenses were 'undertaken unnecessarily.'" *Id.*

Here, by contrast, the Court is not convinced that plaintiff's motions for summary judgment forced the defendants to undertake expenses unnecessarily. Plaintiff's motions sought a declaratory judgment regarding the legality of a non-compete provision that was allegedly precluding him from obtaining employment in his field of expertise.[2] The Court's Order denying the motions—based on the Court's determination that genuine issues of material fact precluded summary judgment—did not render the plaintiff's motions unnecessary. *See id.* at 663 ("To condition a voluntary dismissal on an award of fees, the case law requires that defendant's efforts must have been unnecessary, not that the plaintiff must prevail."). Moreover, there is no evidence that plaintiff intends to re-file his suit in another forum, or that he is seeking dismissal for a tactical advantage. Instead, and as defendants do not contest, the purpose for dismissal is that the central issue in this case has

---

[2] Plaintiff's two motions—a motion for partial summary judgment and a motion for summary judgment on defendants' counterclaim—both sought identical relief: a declaratory judgment that the non-compete provision at issue was unenforceable. Consequently, the two motions were virtually identical, as were defendants' two opposition briefs. *Compare* Defs.' Mem. in Opp'n to Mot. for Partial Summ. J., Docket No. 8 *with* Defs.' Mem. in Opp'n to Mot. for Summ. J. on Defs.' Countercl., Docket No. 17.

become moot.  However, the mere fact that plaintiff's central claim has become moot does not render his earlier efforts, or defendants' responses, unnecessary, and therefore does not entitle defendants to attorneys' fees.  *See id.* at 663 (holding that where plaintiffs brought a motion for a temporary restraining order, which was denied, "[t]he fact that the defendant was forced to respond to the plaintiffs' motions [did] not constitute prejudice warranting an award of fees"); *see also Independence Fed. Sav. Bank v. Bender*, 230 F.R.D. 11, 15 (D.D.C. 2005) (finding that defendant's attorneys' expenses were not undertaken unnecessarily where a proposed merger was terminated beyond the eve of trial, thus mooting the principle goal of plaintiff's action).

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** plaintiff Mittakarin's motion to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2), and the Court, in its discretion, declines to award attorneys' fees and costs to defendants.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:     EMMET G. SULLIVAN**
**             United States District Judge**
**             January 17, 2012**